```
 1  McGREGOR W. SCOTT
    United States Attorney
 2  KRISTIN S. DOOR, SBN 84307
    Assistant United States Attorney
 3  501 I Street, Suite 10-100
    Sacramento, CA 95814
 4  Telephone: (916)554-2723

 5  Attorneys for Plaintiff
    United States of America
 6

 7

 8              IN THE UNITED STATES DISTRICT COURT

 9           FOR THE EASTERN DISTRICT OF CALIFORNIA

10

11  UNITED STATES OF AMERICA,      )
                                   )  2:08-cv-01113 GEB/DAD
12           Plaintiff,            )
                                   )  STIPULATION TO STAY FURTHER
13      v.                         )  PROCEEDINGS AND ORDER
                                   )  THEREON [PROPOSED]
14  REAL PROPERTY LOCATED AT 5205  )
    BEAR CREEK ROAD, GARDEN VALLEY,)
15  CALIFORNIA, EL DORADO COUNTY,  )
    APN: 062-420-40, INCLUDING     )
16  ALL APPURTENANCES AND          )
    IMPROVEMENTS THERETO, and      )
17                                 )
    APPROXIMATELY $37,750.00 IN    )
18  U.S. CURRENCY,                 )  DATE: September 29, 2008
                                   )  TIME: 9:00 a.m.
19           Defendants.           )  COURTROOM: 10
                                   )
20
```

21     Plaintiff United States of America and claimant Rollie

22  Trout, Scharlynn Trout, and Washington Mutual Bank stipulate

23  that a stay is necessary in the above-entitled action, and

24  request that the Court enter an order staying all further

25  proceedings pending the outcome of a related criminal case now

26  pending in El Dorado County (People v. Rollie William Trout and

27  Scharlynn Trout, El Dorado County No. P08CRF0018).   This

28  stipulation is based on the following:

1

1.     Pursuant to 18 U.S.C. §§ 981(g)(1), (g)(2) and 21 U.S.C. § 881(i) the parties suggest that a stay of further proceedings in this case is necessary.  The United States contends that the defendant real property was used to facilitate a violation of federal drug laws (possession with intent to distribute marijuana) and is therefore forfeitable to the United States.  The United States intends to depose the Trouts about the claims they filed in this case and the facts surrounding the presence of over 37 pounds of processed marijuana on the defendant property.  If discovery proceeds, claimants would be placed in the difficult position of either invoking their Fifth Amendment right against self-incrimination and losing the ability to protect their interest in the defendant property, or waiving their Fifth Amendment rights and submitting to depositions and potentially incriminating themselves in the pending criminal matter.  If claimants invoke their Fifth Amendment rights, the United States will be deprived of the ability to explore the factual basis for the claims they filed in this action and the defenses raised in their Answers.

2.     In addition, if this case is not stayed claimants will attempt to depose law enforcement officers who were involved in the execution of the state search warrant at the defendant property.  Allowing depositions of these officers would adversely affect the ability of the El Dorado County authorities to conduct its related criminal prosecution.

3.     Accordingly, the parties contend that proceeding with this action at this time has potential adverse affects on the prosecution of the related criminal case and/or upon claimants'

ability to prove their claim to the property and to contest the government's allegations that the property is forfeitable.  For these reasons, the parties request that this matter be stayed for a period of six months.  At that time the parties will advise the Court whether a further stay is necessary.

    4. While this case is stayed claimants agree to keep current all payments due to claimant Washington Mutual Bank under the promissory note dated June 23, 2003, in the original principal amount of $80,300.00, and secured by the deed of trust recorded in El Dorado County on July 1, 2003, encumbering the defendant property.  If claimants default on the promissory note (as "default" is defined in the promissory note), claimants will not object to a request by plaintiff or claimant Washington Mutual Bank for an order permitting an interlocutory sale of the defendant property in accordance with Rule G(7)(b) of the Supplemental Rules for Admiralty or Maritime Claims and Asset Forfeiture Actions.

DATED: September 9, 2008         McGREGOR W. SCOTT
                                 United States Attorney


                            By:  /s/ Kristin S. Door
                                 KRISTIN S. DOOR
                                 Assistant U.S. Attorney
                                 Attorneys for plaintiff


DATED: September 12, 2008        /s/ John Balazs
                                 JOHN BALAZS
                                 Attorney for claimants
                                 Rollie and Scharlynn Trout

3

DATED: September 15, 2008                    SCOTT J. STILMAN
                                             OFFICE OF THE GENERAL COUNSEL

                                     By:     /s/ Scott J. Stillman
                                             SCOTT J. STILLMAN
                                             Attorney for claimant
                                             Washington Mutual Bank

**ORDER**

Good cause having been shown, the Status (Pretrial Scheduling) Conference is continued to March 30, 2009, at 9:00 a.m.  The parties shall submit a joint scheduling report fourteen days before the status hearing.

IT IS SO ORDERED.

Dated:   September 17, 2008

_____
GARLAND E. BURRELL, JR.
United States District Judge

4