```
 1  LAWRENCE G. BROWN
    Acting United States Attorney
 2  KRISTIN S. DOOR, SBN 84307
    Assistant United States Attorney
 3  501 I Street, Suite 10-100
    Sacramento, CA 95814
 4  Telephone: (916)554-2723

 5  Attorneys for Plaintiff
    United States of America
 6

 7

 8              IN THE UNITED STATES DISTRICT COURT

 9            FOR THE EASTERN DISTRICT OF CALIFORNIA

10

11  UNITED STATES OF AMERICA,     )
                                  )  2:08-cv-01113 GEB/DAD
12        Plaintiff,              )
                                  )  STIPULATION TO STAY FURTHER
13     v.                         )  PROCEEDINGS AND ORDER
                                  )  THEREON [PROPOSED]
14  REAL PROPERTY LOCATED AT 5205 )
    BEAR CREEK ROAD, GARDEN VALLEY,)
15  CALIFORNIA, EL DORADO COUNTY, )
    APN: 062-420-40, INCLUDING    )
16  ALL APPURTENANCES AND         )
    IMPROVEMENTS THERETO, and     )
17                                )
    APPROXIMATELY $37,750.00 IN   )
18  U.S. CURRENCY,                )  DATE: March 30, 2008
                                  )  TIME: 9:00 a.m.
19        Defendants.             )  COURTROOM: 10
                                  )
20
```

Plaintiff United States of America and claimant Rollie Trout, Scharlynn Trout, stipulate that a stay is necessary in the above-entitled action, and request that the Court enter an order staying all further proceedings pending the outcome of a related criminal case now pending in El Dorado County (People v. Rollie William Trout and Scharlynn Trout, El Dorado County No. P08CRF0018). Plaintiff provided the attorney for claimant/lienholder Washington Mutual Bank ("WaMu") with a draft

1

of this stipulation today, but has learned that counsel is in mediation all day and has not yet had an opportunity to review this stipulation. While counsel for the United States cannot represent to the Court that WaMu's counsel will in fact join in this stipulation, undersigned counsel believe that claimants Rollie and Sharlynn Trout are making the payments on WaMu's loan, and that therefore WaMu will not object to the extension of the stay.

This stipulation is based on the following:

1. Counsel for plaintiff contacted the El Dorado County District Attorney's Office on March 15, 2009, and was advised that a trial setting conference is now scheduled for April 3, 2009, in the criminal action against claimants Rollie and Scharlynn Trout.

2. Pursuant to 18 U.S.C. §§ 981(g)(1), (g)(2) and 21 U.S.C. § 881(i) the parties suggest that a stay of further proceedings in this case is necessary. The United States contends that the defendant real property was used to facilitate a violation of federal drug laws (possession with intent to distribute marijuana) and is therefore forfeitable to the United States. The United States intends to depose the Trouts about the claims they filed in this case and the facts surrounding the presence of over 37 pounds of processed marijuana on the defendant property. If discovery proceeds, claimants would be placed in the difficult position of either invoking their Fifth Amendment right against self-incrimination and losing the ability to protect their interest in the defendant property, or waiving their Fifth Amendment rights and submitting to depositions and

2

potentially incriminating themselves in the pending criminal matter. If claimants invoke their Fifth Amendment rights, the United States will be deprived of the ability to explore the factual basis for the claims they filed in this action and the defenses raised in their Answers.

3. In addition, if this case is not stayed claimants will attempt to depose law enforcement officers who were involved in the execution of the state search warrant at the defendant property. Allowing depositions of these officers would adversely affect the ability of the El Dorado County authorities to conduct its related criminal prosecution.

4. Accordingly, the parties contend that proceeding with this action at this time has potential adverse affects on the prosecution of the related criminal case and/or upon claimants' ability to prove their claim to the property and to contest the government's allegations that the property is forfeitable. For these reasons, the parties request that this matter be stayed for a period of six months. At that time the parties will advise the Court whether a further stay is necessary.

5. While this case is stayed claimants agree to keep current all payments due to claimant Washington Mutual Bank under the promissory note dated June 23, 2003, in the original principal amount of $80,300.00, and secured by the deed of trust recorded in El Dorado County on July 1, 2003, encumbering the defendant property. If claimants default on the promissory note (as "default" is defined in the promissory note), claimants will not object to a request by plaintiff or claimant Washington Mutual Bank for an order permitting an interlocutory sale of the

defendant property in accordance with Rule G(7)(b) of the
Supplemental Rules for Admiralty or Maritime Claims and Asset
Forfeiture Actions.

DATED: March 16, 2009                LAWRENCE G. BROWN
                                     Acting United States Attorney

                                By:  /s/ Kristin S. Door
                                     KRISTIN S. DOOR
                                     Assistant U.S. Attorney
                                     Attorneys for plaintiff

DATED: March 16, 2009                /s/John Balazs
                                     JOHN BALAZS
                                     Attorney for claimants
                                     Rollie and Scharlynn Trout

DATED:                               SCOTT J. STILMAN

                                By:  _____
                                     SCOTT J. STILLMAN
                                     Attorney for claimant
                                     JPMorgan Chase Bank, N.A.,
                                     an acquirer of certain assets
                                     and liabilities of Washington
                                     Mutual Bank from the FDIC
                                     acting as receiver

**ORDER**

Good cause having been shown, the Status (Pretrial Scheduling) Conference scheduled for March 30, 2009, is continued to June 15, 2009, at 9:00 a.m. The parties shall submit a joint scheduling report fourteen days prior to the hearing and will advise the Court whether a further stay is necessary.

Dated: March 17, 2009

_____
GARLAND E. BURRELL, JR.
United States District Judge

4