```
 1  LAWRENCE G. BROWN
    United States Attorney
 2  KRISTIN S. DOOR, SBN 84307
    Assistant United States Attorney
 3  501 I Street, Suite 10-100
    Sacramento, CA 95814
 4  Telephone: (916)554-2723

 5  Attorneys for Plaintiff
    United States of America
 6

 7

 8                   IN THE UNITED STATES DISTRICT COURT

 9                 FOR THE EASTERN DISTRICT OF CALIFORNIA

10

11  UNITED STATES OF AMERICA,       )
                                    )   2:08-cv-01113 GEB/DAD
12           Plaintiff,             )
                                    )   REQUEST TO STAY FURTHER
13       v.                         )   PROCEEDINGS AND ORDER
                                    )   THEREON [PROPOSED]
14  REAL PROPERTY LOCATED AT 5205   )
    BEAR CREEK ROAD, GARDEN VALLEY, )
15  CALIFORNIA, EL DORADO COUNTY,   )
    APN: 062-420-40, INCLUDING      )
16  ALL APPURTENANCES AND           )
    IMPROVEMENTS THERETO, and       )
17                                  )
    APPROXIMATELY $37,750.00 IN     )
18  U.S. CURRENCY,                  )   DATE: Sept. 21, 2009
                                    )   TIME: 9:00 a.m.
19           Defendants.            )   COURTROOM: 10
                                    )
20  _____

21       Plaintiff United States of America requests that the Court
22  enter an order extending the existing stay of all further
23  proceedings until February 1, 2010, because a related criminal
24  case is still pending in El Dorado County (People v. Rollie
25  William Trout and Scharlynn Trout, El Dorado County No.
26  P08CRF0018).  Plaintiff sought the input of claimants Rollie
27
28
```

Trout, Scharlynn Trout, and J.P. Morgan Chase Bank, N.A.[1] but had received no response by 2 p.m. on September 4, 2009. This request is based on the following:

1. Counsel for plaintiff contacted the El Dorado County District Attorney's Office on September 2, 2009, and was advised that trial is now scheduled for December 1, 2009, in the criminal action against claimants Rollie and Scharlynn Trout.

2. Pursuant to 18 U.S.C. §§ 981(g)(1) and 21 U.S.C. § 881(i) the United States is entitled to a stay if the court determines that civil discovery will adversely affect the ability of the government to conduct a related criminal investigation or the prosecution of a related case. The United States contends that the defendant real property was used to facilitate a violation of federal drug laws (possession with intent to distribute marijuana) and is therefore forfeitable to the United States. The United States intends to depose the Trouts about the claims they filed in this case and the facts surrounding the presence of over 37 pounds of processed marijuana on the defendant property. If discovery proceeds, claimants would be placed in the difficult position of either invoking their Fifth Amendment right against self-incrimination and losing the ability to protect their interest in the defendant property, or waiving their Fifth Amendment rights and submitting to depositions and potentially incriminating themselves in the pending criminal matter. If claimants invoke their Fifth Amendment rights, the

---

[1] J.P. Morgan Bank, N.A. acquired certain assets and liabilities of the lienholder, Washington Mutual Bank, from the FDIC acting as receiver.

United States will be deprived of the ability to explore the factual basis for the claims they filed in this action and the defenses raised in their Answers.

 3. If this case proceeds at this time, claimants Rollie and Sharlynn Trout will attempt to depose law enforcement officers who were involved in the execution of the state search warrant at the defendant property. Allowing depositions of these officers would adversely affect the ability of the El Dorado County authorities to conduct its related criminal prosecution.

 4. Accordingly, the United States contends that proceeding with this action at this time has potential adverse affects on the prosecution of the related criminal case and/or upon claimants' ability to prove their claim to the property and to contest the government's allegations that the property is forfeitable. For these reasons, the United States requests that this matter be stayed until February 1, 2010. At that time the parties will advise the Court whether a further stay is necessary.

DATED: September 4, 2009   LAWRENCE G. BROWN
            United States Attorney

           By: /s/ Kristin S. Door
             KRISTIN S. DOOR
             Assistant U.S. Attorney
             Attorneys for plaintiff

             (Original signatures retained by AUSA Door)

//
//

**ORDER**

Good cause having been shown, the Status (Pretrial Scheduling) Conference scheduled for September 21, 2009, is continued to March 1, 2010, at 9:00 a.m.  The parties shall submit a joint scheduling report fourteen days prior to the hearing and will advise the Court whether a further stay is necessary.

IT IS SO ORDERED.

Dated:  September 6, 2009

_____
GARLAND E. BURRELL, JR.
United States District Judge