```
 1  BENJAMIN B. WAGNER
    United States Attorney
 2  KRISTIN S. DOOR, SBN 84307
    Assistant United States Attorney
 3  501 I Street, Suite 10-100
    Sacramento, CA 95814
 4  Telephone: (916)554-2723

 5  Attorneys for Plaintiff
    United States of America
 6

 7
```

IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA, | 2:08-cv-01113 GEB/DAD |
| Plaintiff, | |
| v. | STIPULATION TO STAY FURTHER PROCEEDINGS AND ORDER THEREON |
| REAL PROPERTY LOCATED AT 5205 BEAR CREEK ROAD, GARDEN VALLEY, CALIFORNIA, EL DORADO COUNTY, APN: 062-420-40, INCLUDING ALL APPURTENANCES AND IMPROVEMENTS THERETO, and | |
| APPROXIMATELY $37,750.00 IN U.S. CURRENCY, | DATE: March 1, 2010 TIME: 9:00 a.m. |
| Defendants. | COURTROOM: 10 |

Plaintiff United States of America and claimants Rollie and Sharlynn Trout and J.P. Morgan Bank, N.A.,[1] requests that the Court enter an order extending the existing stay of all further proceedings until June 1, 2010, because a related criminal case is still pending in El Dorado County (People v. Rollie William

---

[1] J.P. Morgan Bank, N.A. acquired certain assets and liabilities of the lienholder, Washington Mutual Bank, from the FDIC acting as receiver.

<u>Trout and Scharlynn Trout</u>, El Dorado County No. P08CRF0018).

This request is based on the following:

1. Counsel for plaintiff contacted the El Dorado County District Attorney's Office on January 28, 2010, and was advised that a readiness conference is now scheduled for April 9, 2010, and the trial is now scheduled for April 27, 2010, in the criminal action against claimants Rollie and Scharlynn Trout.

2. Pursuant to 18 U.S.C. §§ 981(g)(1) and 21 U.S.C. § 881(i) the United States is entitled to a stay if the court determines that civil discovery will adversely affect the ability of the government to conduct a related criminal investigation or the prosecution of a related case. The United States contends that the defendant real property was used to facilitate a violation of federal drug laws (possession with intent to distribute marijuana) and is therefore forfeitable to the United States. The United States intends to depose the Trouts about the claims they filed in this case and the facts surrounding the presence of over 37 pounds of processed marijuana on the defendant property. If discovery proceeds, claimants would be placed in the difficult position of either invoking their Fifth Amendment right against self-incrimination and losing the ability to protect their interest in the defendant property, or waiving their Fifth Amendment rights and submitting to depositions and potentially incriminating themselves in the pending criminal matter. If claimants invoke their Fifth Amendment rights, the United States will be deprived of the ability to explore the factual basis for the claims they filed in this action and the defenses raised in their Answers.

3. If this case proceeds at this time, claimants Rollie and Sharlynn Trout will attempt to depose law enforcement officers who were involved in the execution of the state search warrant at the defendant property. Allowing depositions of these officers would adversely affect the ability of the El Dorado County authorities to conduct its related criminal prosecution.

4. Accordingly, the parties contend that proceeding with this action at this time has potential adverse affects on the prosecution of the related criminal case and/or upon claimants' ability to prove their claim to the property and to contest the government's allegations that the property is forfeitable. For these reasons, the United States requests that this matter be stayed until June 1, 2010. At that time the parties will advise the Court whether a further stay is necessary.

DATED: January 28, 2010   BENJAMIN B. WAGNER
                          United States Attorney

                     By:  /s/ Kristin S. Door
                          KRISTIN S. DOOR
                          Assistant U.S. Attorney
                          Attorneys for plaintiff


DATED: January 28, 2010   /s/ John Balazs
                          JOHN BALAZS
                          Attorney for claimants
                          Rollie and Scharlynn Trout

//
//

DATED: January 28, 2010          SCOTT J. STILMAN

                                 By: /s/Scott J. Stillman
                                     SCOTT J. STILLMAN
                                     Attorney for claimant
                                     JPMorgan Chase Bank, N.A.,
                                     an acquirer of certain assets
                                     and liabilities of Washington
                                     Mutual Bank from the FDIC
                                     acting as receiver

## ORDER

Good cause having been shown, the Status (Pretrial Scheduling) Conference scheduled for March 1, 2010, is continued to June 14, 2010, at 9:00 a.m. The parties shall submit a joint scheduling report fourteen days prior to the hearing.

IT IS SO ORDERED.

Dated: February 16, 2010

_____
GARLAND E. BURRELL, JR.
United States District Judge