```
 1  BENJAMIN B. WAGNER
    United States Attorney
 2  KRISTIN S. DOOR, SBN 84307
    Assistant United States Attorney
 3  501 I Street, Suite 10-100
    Sacramento, CA 95814
 4  Telephone: (916)554-2723

 5  Attorneys for Plaintiff
    United States of America
```

IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | 2:08-CV-01113-GEB-DAD |
| Plaintiff, ) | |
| v. ) | FINAL JUDGMENT OF FORFEITURE |
| REAL PROPERTY LOCATED AT 5205 ) BEAR CREEK ROAD, GARDEN VALLEY,) CALIFORNIA, EL DORADO COUNTY, ) APN: 062-420-40, INCLUDING ) ALL APPURTENANCES AND ) IMPROVEMENTS THERETO, and ) | |
| APPROXIMATELY $37,750.00 IN ) U.S. CURRENCY, ) | |
| Defendants. ) | |

Pursuant to the Stipulation for Final Judgment of Forfeiture, the Court finds:

1. This is a civil forfeiture action against real property located at 5205 Bear Creek Road, Garden Valley, California, El Dorado County, APN: 062-420-40 (hereafter "defendant real property"), and Approximately $37,750.00 in U.S. Currency (hereafter "defendant currency").

2. A Verified Complaint for Forfeiture In Rem ("Complaint")

was filed on May 21, 2008, alleging that said defendant real property is subject to forfeiture to the United States of America pursuant to 21 U.S.C. §§ 881(a)(6) and 881(a)(7), and said defendant currency is subject to forfeiture to the United States of America pursuant to 21 U.S.C. § 881(a)(6).

    3.  On or about May 22, 2008, the Clerk issued a Warrant for Arrest for the defendant currency, and that warrant was duly executed on May 26, 2008.  On or about May 30, 2008, the defendant real property was posted with a copy of the Complaint and Notice of Complaint.

    4.  On or about June 11, 18, 25, and July 2, 2008, a Notice of Posting, Arrest, and Seizure of the defendant real property and the defendant currency appeared by publication in the <u>Mountain Democrat</u>, a newspaper of general circulation in the county in which the defendant real property is located and where the defendant currency was seized (El Dorado County).  The Proof of Publication was filed with the Court on August 21, 2008.

    5.  In addition to the Notice of Posting, Arrest, and Seizure having been completed, the United States gave or attempted to give actual notice to the following individuals and entities:

        a.  Rollie William Trout

        b.  Scharlynn Trout

        c.  Washington Mutual Bank

    6.  The Trouts each filed a Verified Statement of Interest on June 19, 2008.  The Trouts filed an Answer to Complaint for Forfeiture *In Rem* on September 5, 2008.  Washington Mutual Bank filed a Verified Claim on June 26, 2008.  Washington Mutual Bank

1  filed an Answer to Verified Complaint for Forfeiture *In Rem* on
2  July 15, 2008.
3       7.   No other parties have filed claims or answers in this
4  matter and the time for which any person or entity may file a
5  claim and answer has expired.
6       Based on the above findings, and the files and records of
7  the Court, it is hereby ORDERED AND ADJUDGED:
8       1.   The Court adopts the Stipulation for Final Judgment of
9  Forfeiture entered into by and between the parties to this
10 action.
11      2.   That judgment is hereby entered against claimants Rollie
12 William Trout and Scharlynn Trout and all other potential
13 claimants who have not filed claims in this action.
14      3.   Upon entry of this Final Judgment of Forfeiture,
15 $35,970.00 of the $37,750.00 in U.S. Currency, together with any
16 interest that may have accrued on that amount, shall be forfeited
17 to the United States pursuant to 21 U.S.C. § 881(a)(6), to be
18 disposed of according to law.
19      4.   Upon entry of this Final Judgment of Forfeiture, but no
20 later than 30 days thereafter, $1,780.00 of the $37,750.00 in
21 U.S. Currency, together with any interest that may have accrued
22 on that amount, shall be returned to claimants Rollie William
23 Trout and Scharlynn Trout.  The Trouts agree that upon receipt of
24 the $1,780.00 in U.S. Currency plus any accrued interest, they
25 will pay $1,780.00 to the El Dorado County Superior Court to pay
26 court costs assessed against them in connection with <u>People v.</u>
27 <u>Rollie William Trout and Sharlynn Trout</u>, El Dorado County No.
28 P08CRF0018.  Within 10 days of receipt of payment from the United

States, the Trouts will provide the United States with proof of payment to the El Dorado County Superior Court.

5.   Within thirty (30) days of entry of this Final Judgment of Forfeiture, the United States shall record a withdrawal of *lis pendens* against the defendant real property.  Upon the execution and filing of the Stipulation herein, and the recording of the withdrawal of *lis pendens*, the United States represents that it is no longer asserting any right, interest, or claim in or to the defendant real property.

6.   That plaintiff United States of America and its servants, agents, and employees and all other public entities, their servants, agents, and employees, are released from any and all liability arising out of or in any way connected with the posting of the defendant real property, and the seizure, arrest, or forfeiture of the defendant currency.  This is a full and final release applying to all unknown and unanticipated injuries, and/or damages arising out of said posting, seizure, arrest, or forfeiture, as well as to those now known or disclosed.  The parties waived the provisions of California Civil Code § 1542.

7.   That pursuant to the stipulation of the parties, and the allegations set forth in the Complaint filed on or about May 21, 2008, the Court finds that there was reasonable cause for the seizure and arrest of the defendant currency, for the posting of the real property with the Complaint and related documents, and for the commencement and prosecution of this forfeiture action, and a Certificate of Reasonable Cause pursuant to 28 U.S.C. § 2465 shall be entered accordingly.

8.   All parties are to bear their own costs and attorneys'

fees.  However, nothing in the Stipulation filed herein is intended to prevent claimants and/or their counsel from seeking attorney fees pursuant to 18 U.S.C. § 983(b)(2).

    9.  The Court shall maintain jurisdiction to enforce the terms of this Final Judgment of Forfeiture.

Dated:  November 18, 2010

_____
GARLAND E. BURRELL, JR.
United States District Judge

CERTIFICATE OF REASONABLE CAUSE

    Based upon the allegations set forth in the Complaint filed May 21, 2008, and the Stipulation for Final Judgment of Forfeiture filed herein, the Court enters this Certificate of Reasonable Cause pursuant to 28 U.S.C. § 2465, that there was reasonable cause for the seizure or arrest of the defendant currency, for the posting of the real property with the Complaint and related documents, and for the commencement and prosecution of this forfeiture action.

Dated:  November 18, 2010

_____
GARLAND E. BURRELL, JR.
United States District Judge